UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIEL RICHARD STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-792-JD |
| | ) | |
| DISH NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Kiel Richard Stone filed a *pro se* complaint on November 22, 2016 [DE 1], as amended on November 28, 2016 [DE 3], as well as a petition for leave to proceed *in forma pauperis* [DE 2].  Mr. Stone sued Dish Network claiming that Dish Network violated his reasonable expectation of privacy and is responsible for his defamed reputation because it allowed law enforcement to illegally wiretap his parents' home.  The Court is aware that Mr. Stone has filed a series of other complaints against law enforcement agencies and others allegedly responsible for the illegal wiretap, along with additional fantastical allegations such as the Indiana State Department of Health's failure to prevent others from poisoning him. *See* 3:16-cv-00762-RL-MGG Stone v. Indiana State Police, *et al*.; 3:16-cv-00765-WCL-MGG Stone v. Laurys; 3:16-cv-00771-WCL-MGG Stone v. Indiana State Department of Health; 3:16-cv-00772-WCL-MGG Stone v. The Dan Lebtard Show with Stugotz *et al*.; 3:16-cv-00787-JTM-MGG Stone v. Sprint.

With respect to the instant lawsuit, this Court has no jurisdiction to hear Mr. Stone's state law claims against Dish Network.  And while it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] . . . that's unnecessary where, as here, 'it is

certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Carpenter v. PNC Bank, Nat. Ass'n*, No. 15-2732, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (internal citation and citation omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("The only difference regarding IFP and fee-paying plaintiffs arises in section 1915(e), which directs courts to screen all complaints filed with requests to proceed IFP and provides that 'the court shall dismiss the case at any time' if, among other things, the action is frivolous or malicious or 'fails to state a claim on which relief may be granted . . .'") (quoting 28 U.S.C. § 1915(e)(2)); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Because Mr. Stone has not asserted, nor does it appear that he plausibly could assert, a claim upon which this Court has jurisdiction over Dish Network premised upon Mr. Stone's alleged invasion of privacy and defamed character, this matter is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Mr. Stone's petition to proceed *in forma pauperis* is DENIED as moot.

SO ORDERED.

ENTERED: November 30, 2016

          /s/ JON E. DEGUILIO
Judge
United States District Court

2